**David J. P. HINEY, Appellant,**

v.

**Malcolm WILSON et al., Appellees.**

**Docket 75–2097.**

United States Court of Appeals, Second Circuit.

Submitted June 26, 1975.

Decided July 2, 1975.

---

Before KAUFMAN, Chief Judge, and FEINBERG and MANSFIELD, Circuit Judges.

PER CURIAM:

Judge Port dismissed David Hiney's civil rights complaint without a hearing, for failure to exhaust administrative remedies and for failure to state a claim. We believe some guidance from us might be useful to Judge Port upon our remand.

The allegations in the complaint, which we must take as true for the purposes of this appeal, *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964) are briefly summarized. Hiney, an inmate at the Clinton Correctional Facility, was called before the prison disciplinary committee on July 5, 1974, and charged with threatening a prison official. He alleges that he was given neither advance notice of the hearing nor an opportunity to call witnesses in his defense. Hiney was put in punitive segregation, and a further hearing was scheduled five days later to determine whether additional punishment was warranted. While he was in segregation, Hiney claims, his legal papers and political literature were confiscated. The complaint also charges that the guards took Hiney's shoes, and forbade him to appear before the disciplinary committee barefoot. He was thus kept in segregation for an additional two weeks.

Hiney does not challenge the duration of his confinement at Clinton, and is thus not required—in this action for damages and injunctive relief—to go through the formality of exhausting administrative remedies. *Wolff v. McDonnell,* 418 U.S. 539, 554–55, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Preiser v. Rodriguez,* 411 U.S. 475, 494, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Ray v. Fritz,* 468 F.2d 586 (2d Cir. 1972).

David J. P. Hiney, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for appellees.

The allegations in Hiney's complaint, if proven, would clearly entitle him to relief. An inmate facing disciplinary proceedings must be afforded notice and an opportunity to call witnesses in his behalf. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Additionally, confiscation of Hiney's legal papers may constitute a denial of access to the courts. *See Corby v. Conboy,* 457 F.2d 251 (2d Cir. 1972). And an arbitrary confiscation of political literature, without any showing of danger to prison security, may violate Hiney's First Amendment rights. *See Sostre v. Otis,* 330 F.Supp. 941 (S.D.N.Y. 1971); *Fortune Society v. McGinnis,* 319 F.Supp. 901 (S.D.N.Y.1971). Finally, if Hiney was in fact prevented from appearing before the disciplinary committee for the unlikely reason stated in his complaint, he was arbitrarily denied a hearing.

Hiney does not contest the dismissal of his complaint against Wilson, Woodward, Rabadue, and Mahoney. Consequently, our order does not apply to those defendants.

Remanded.