Paul SIMMONS, Plaintiff, Appellant,

v.

Paul G. DICKHAUT and Tony Somensini, Defendants, Appellees.

No. 86–1591.

United States Court of Appeals, First Circuit.

Submitted Oct. 10, 1986.

Decided Nov. 6, 1986.

Paul Simmons, on brief, pro se.

Cynthia A. Canavan, Asst. Atty. Gen., and Francis X. Bellotti, Atty. Gen., on brief, for defendants, appellees.

Before COFFIN, BOWNES, and BREYER, Circuit Judges.

PER CURIAM.

Paul Simmons appeals from the district court's dismissal of his § 1983 complaint. Simmons alleged that the defendants violated his right of access to the courts when they refused to return to him various legal materials. Named as defendants are the superintendent and property officer of MCI Lancaster.

On motion by the state, the district court dismissed under the authority of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Simmons argues on appeal that the *Parratt* analysis does not apply to a right of access deprivation. The State argues that *Parratt* applies and precludes relief; that Simmons' complaint is conclusory; and that the retention of legal materials does not state a cause of action.

■ We address first the nature of the right of access and whether its violation can be redressed under § 1983. The right of access is a discrete, constitutional right, derived from various constitutional sources. It springs in part from the due process clause, *Wolff v. McDonnell,* 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974); the privileges and immunities clause, *Chambers v. Baltimore & Ohio Railroad,* 207 U.S. 142, 148, 28 S.Ct. 34, 35, 52 L.Ed. 143 (1907); and the First Amendment, *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 513, 92 S.Ct. 609, 613, 30 L.Ed.2d 642 (1972). *See generally Ryland v. Shapiro,* 708 F.2d 967, 971–72 (5th Cir.1983). The right of access is fundamental. *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977).

■ It follows logically that the allegation of intentional violation of the right of access to the courts states a cause of action under § 1983. *Wright v. Newsome,* 795 F.2d 964, 968 (11th Cir.1986); *Jackson v. Procunier,* 789 F.2d 307, 310–11 (5th Cir. 1986); *Sigafus v. Brown,* 416 F.2d 105, 107 (7th Cir.1969); *Morello v. James,* 627 F.Supp. 1571, 1574 (W.D.N.Y.1986).

Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials or papers.[1] *E.g., Wright v. Newsome,* 795 F.2d at 968 (allegation that prison officials seized pleadings and law books and destroyed other legal papers states cause of action); *Carter v. Hutto,* 781 F.2d 1028, 1031–32 (4th Cir.1986) (allegation that prison officials confiscated and/or destroyed legal materials, some of which were irreplaceable, states cause of action); *Tyler v. "Ron" Deputy Sheriff or Jailer/Custodian of Prisoners,* 574 F.2d 427, 429 (8th Cir.1978) (taking of prisoner's legal papers states a § 1983 claim if the taking results in interference with or infringement of right of access); *Hiney v. Wilson,* 520 F.2d 589, 591 (2d Cir.1975) (complaint should not have been dismissed because confiscation of legal papers may constitute a denial of access to the courts); *Sigafus v. Brown,* 416 F.2d at 107 (allegation that jail guards confiscated and destroyed legal papers essential for postconviction hearing states claim); *Morello v. James,* 627 F.Supp. at 1574 (claim stated where plaintiff alleged that legal folders were taken from him, briefs were stolen and records of phone call to attorney taken). *See Nolan v. Scafati,* 430 F.2d 548, 550 (1st Cir.1970) (allegation that plaintiff was denied access to courts when prison

---

1. The State argues that under *Crooker v. Mulligan,* 788 F.2d 809 (1st Cir.1986), "the mere deprivation [of] legal materials does not state a cause of action under 42 U.S.C. Section 1983." Appellees' Brief, 5. This argument misconstrues our discussion in *Crooker. Crooker* involved a summary judgment in favor of various local and state police officers against a claim of, among other things, illegal search and seizure of a home and violation of the right to access. We discussed the right of access only as it related to what the state and local police officers knew or should have known to avoid liability under principles of qualified immunity. *Crooker* is, of course, not controlling on the question here at hand: whether a prisoner's allegations that prison officials confiscated materials necessary to prosecute a claim states a cause of action under § 1983.

officials refused to mail his letters to Massachusetts Civil Liberties Union states claim).

We turn, therefore, to Simmons' complaint to see whether it states a cause of action for deprivation of the right of access to the courts. Since Simmons is proceeding *pro se,* we have a special obligation to read his complaint indulgently. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). We will not approve the district court's dismissal for failure to state a claim unless it appears to us beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The complaint alleges that plaintiff escaped from state custody (MCI Lancaster) in early July, 1985, and was reincarcerated (MCI Concord) within three weeks. Apparently a hearing was scheduled at Lancaster, during which plaintiff requested his personal and legal property and was told that all but his legal material would be forwarded to him. *See* Exhibit B. About mid-August, plaintiff filed a complaint/request form with MCI Concord, requesting the return of his legal property (Exhibit A). He mentioned that he had a case pending for which the material was required. *Id.* He was told to petition MCI Lancaster.

Plaintiff filed another complaint/request form on August 19, 1985, with MCI Concord. He asked the grievance coordinator to call or write Lancaster on his behalf. He apprised the prison authorities of their regulatory obligation to return to escapees their personal property "as soon as practicable." He received a letter shortly thereafter saying that three large boxes were being held at Lancaster on his behalf and that no one had come to pick them up (Exhibit A–2).

After plaintiff still did not receive his property, he filed a grievance form. He got a notice back saying that he could, at any time, send a friend or relative to MCI Lancaster to pick up the material. Simmons alleges in his complaint that he sent someone to pick up his property, but that the legal material was not included.

The Code of Massachusetts Regulations (CMR) provides, at 103 C.M.R. § 403.17: *Property of Escapees or Deceased Inmates ...*

(2) Where an escapee is returned to the care and custody of the department within one year from the date of the escape, the property shall be transferred as soon as practicable to the institution where the inmate is presently being housed....

■ We conclude that Simmons has alleged facts adequate to show an intentional deprivation of his right of access. He requested his material three times before he was told he could pick it up. He pointed out twice that the property he sought included legal materials necessary for a pending case. After he had the property picked up, it was determined that all the legal material was missing. Most importantly, the rules that bind the Department of Corrections state clearly and explicitly that all property of a returned escapee is to be transferred to the site of reincarceration. The rule does not place any burden on the prisoner to request, repeatedly, the return of his own property.

The state's final argument is that Simmons has alleged a simple property deprivation and so *Parratt* applies and precludes relief. *Parratt* involved an alleged procedural due process violation. The Supreme Court held that the Due Process Clause was not violated by a state officer's negligent conduct which deprived plaintiff of property, because the State provided the opportunity for post-deprivation process. *Parratt* was later extended, in *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), to insulate intentional deprivations of property from constitutional reach as long as post-deprivation procedures are available. The Court has recently refined *Parratt,* concluding in *Daniels v. Williams,* —— U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon,* —— U.S. ——, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986) that "the protections of the Due Process Clause, whether procedur-

al or substantive, are just not triggered by lack of due care by prison officials." *Davidson,* 106 S.Ct. at 671.

That Simmons' legal *property* was *taken* does not convert this case to a procedural due process/deprivation of property claim. It is decisive that the harm complained of is not simply the taking of property, protected by the due process clause, but the taking of legal property resulting in denial of access to the courts, protected as a substantive, constitutional right. *See* discussion *supra,* p. 2. And the *Parratt* analysis does not apply where the alleged violation concerns a substantive, fundamental right. *See Daniels v. Williams,* — U.S. —, 106 S.Ct. 677, 678–79, 88 L.Ed.2d 677 (1986) (Stevens, J., concurring); *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822, 832, n. 9 (1st Cir.), *cert. denied,* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982). *See generally Morello v. James,* 627 F.Supp. at 1575 (collecting cases).

We have decided that an allegation of intentional deprivation of the right of access states a cause of action under § 1983. As we read Simmons' complaint, he has made such an allegation. Since *Parratt v. Taylor* does not apply to the alleged deprivation of a substantive and fundamental right, the district court erred in dismissing Simmons' claim.

While Simmons' complaint should, therefore, have survived a motion to dismiss, we caution Simmons that he still faces the task of filling in the particulars of his claim to withstand a motion for summary judgment. We intimate no opinion about the success on the merits of Simmons' allegations.

Reversed and remanded for reinstatement of the complaint.