19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Philip Wayne BERRYMAN, Plaintiff-Appellant,
v.
William OVERTON, Warden; D. Smith; Arum Pascarell,
Defendants-Appellees.
 No. 93-1510.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Philip Berryman, a pro se Michigan state prisoner, appeals a district court grant of summary judgment in this civil rights case filed pursuant to 42 U.S.C. Secs. 1983, 1985, 1986 and 1988. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Berryman, then an inmate at the Adrian Temporary Facility in Adrian, Michigan, filed suit against the facility's warden, deputy warden and an assistant resident unit manager. The complaint's caption names the defendants in their individual capacities. Seeking monetary damages, Berryman alleged a violation of his constitutional rights under the First, Fifth and Fourteenth Amendments.
 
 
 3
 Berryman alleged that defendants wrongfully confiscated his legal materials. He alleged that the materials were confiscated in retaliation for his litigation activities. He also alleged that the confiscation deprived him of his First Amendment right of access to the courts.
 
 
 4
 The case was submitted to a magistrate judge who recommended that defendants' motion for summary judgment be granted. The district court accepted the recommendation over Berryman's objections. Upon de novo review, we find no error.
 
 
 5
 In order to plead a cause of action for the denial of access to the courts, Berryman must show that the defendants' conduct prejudiced pending litigation. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). In essence, however, Berryman asked the district court to presume prejudice. In his Brief in Opposition to Defendants' Motion to Dismiss, Berryman contended that "[i]t cannot be argued with any INTELLIGENCE that Plaintiff will not suffer because of the confiscation of Plaintiff's legal papers" (emphasis in original). Berryman failed to allege with any specificity how he was adversely affected or how the litigation was prejudiced by the confiscation. In short, Berryman showed no prejudice to his ongoing litigation. Therefore, Berryman failed to allege conduct that amounts to a denial of the right of access to the courts under Johnson v. Avery, 393 U.S. 483, 485-86 (1969), or Bounds v. Smith, 430 U.S. 817, 824-25 (1977).
 
 
 6
 Berryman's second contention is that his legal documents were confiscated in retaliation for his earlier legal activities. The test for Berryman's substantive due process claim of retaliation is whether the alleged conduct would shock the conscience of a reasonable person. Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988) (whether alleged conduct constitutes an egregious abuse of governmental power).
 
 
 7
 It is undisputed that Berryman was in possession of legal materials bearing the name of another inmate. Defendants determined that Berryman was in possession of the papers without first having submitted a "Legal Assistance Request and Arrangement" form. Therefore, the defendants reasoned, Berryman was in violation of the prison's Policy Directive DWA-61.01 which requires the submission of the form before one can have the legal documents of another prisoner.
 
 
 8
 Moreover, Berryman was only separated from the papers from January 9, 1993, through January 13, 1993. When the documents were returned to Berryman, he was required to submit the legal assistance form. In sum, nothing in the recitation of the facts smacks of a grievous abuse of governmental authority. The papers were taken from Berryman in accordance with a policy directive. They were only kept a short time and they were returned when he complied with the policy directive. Defendants' conduct would not shock the conscience of a reasonable person.
 
 
 9
 Accordingly, the district court judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.