25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Na'Im (As'Ad Najee) Plaintiff-Appellant,
v.
Jim ROSE, Warden, et al., Defendant-Appellee.
 No. 93-5336.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1994.
 
 Before: KENNEDY and BOGGS, Circuit Judges; and HILLMAN, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 This is a prisoner civil rights case brought pursuant to 42 U.S.C. Sec. 1983. Appellant is an inmate at Turney Center Industrial Prison and Farm (Turney Center) in Only, Tennessee. Appellees are Jim Rose, Warden of Turney Center; Thompsie Rickman, Turney Center Second Shift Commander; Jerry Cotham, Turney Center Unit Manager; Nick Jordan, Turney Center Inmate Relations Coordinator; Robert McCammon, Turney Center Inmate Relations Coordinator; Jack E. Middleton, Turney Center Correctional Officer; and Randolph Hicks, Turney Center Correctional Officer. In the District Court below, appellant sought declaratory and injunctive relief as well as damages for alleged violations of his rights under the First, Fourth and Fourteenth Amendments of the United States Constitution. He now appeals the District Court's dismissal of his case.
 
 I.
 
 2
 Appellant alleges that on March 22, 1992, his cell at Turney Center was improperly searched by defendant Jordan. He further alleges that on April 6, 1992, his cell at Turney Center was improperly searched by defendant McCammon. Appellant states that legal papers as well as other personal property were taken during these searches and not returned. Appellant asserts that these searches were in retaliation for his legal activities.
 
 
 3
 Appellant filed the case on May 8, 1992, in the District Court for the Middle District of Tennessee, Columbia Division. Appellant requested that he be allowed to file in forma pauperis. The District Court required appellant to pay a partial filing fee of $20. On June 15, 1992, the Magistrate Judge set the matter for an evidentiary hearing pursuant to 28 U.S.C. Sec. 1915(d), and ordered the Clerk to issue process to the defendants. Process was issued that same day.
 
 
 4
 On September 23, 1992, the Magistrate Judge conducted the evidentiary hearing at which appellant appeared pro se and appellees were represented by counsel. On September 29, 1992, appellant filed a Motion for Leave to File an Amended Complaint to which he attached a proposed amended complaint. On October 28, 1992, the Magistrate Judge issued a Report and Recommendation recommending that the action be dismissed. In a margin order issued the same day, the Magistrate Judge granted appellant's motion to amend, but held that the amended complaint should be dismissed for the reasons stated in the Report and Recommendation.
 
 
 5
 On November 6, 1992, appellant filed Objections to the Magistrate's Report and Recommendation. On February 1, the District Judge adopted the Report and Recommendation and dismissed appellant's case. This appeal followed.
 
 II.
 
 6
 Appellant makes two claims on appeal. First, he asserts that his case should not have been considered under 28 U.S.C. Sec. 1915(d) because he was required to pay a partial filing fee. Second, he asserts that the District Court erred in dismissing his case as frivolous.
 
 A.
 
 7
 Appellant claims that because he was required to pay a partial filing fee, his case was improperly considered under 28 U.S.C. Sec. 1915(d). This section provides:
 
 
 8
 The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.
 
 
 9
 This court has held that "when a court has required a plaintiff to pay a partial filing fee, the court must issue summonses and allow the plaintiff to amend the complaint before dismissing the action." Clark v. Ocean Brand Tuna, 974 F.2d 48, 50 (6th Cir.1992).
 
 
 10
 Appellant's case was correctly considered under section 1915(d). Pursuant to an order by the Magistrate Judge, summonses were served on defendants before the evidentiary hearing. Further, although the Magistrate Judge recommended dismissing the case, he also granted appellant leave to amend his complaint and considered the amended complaint. Additionally, appellant filed objections to the Report and Recommendation. The District Court considered both appellant's amended complaint and his objections before adopting the Report and Recommendation and dismissing the case. Thus, under Clark, the District Court did not err in considering the dismissal of appellant's case under 28 U.S.C. Sec. 1915(d).
 
 B.
 
 11
 Appellant's second claim is that his case is not frivolous and therefore should not have been dismissed under 28 U.S.C. Sec. 1915(d). "A complaint ... is frivolous where it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Because it is within a district judge's discretion to dismiss a case under section 1915(d), his decision should not be overturned except for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728 (1992).
 
 Fourth Amendment
 
 12
 Appellant asserts that the prison officials' searches of his cell and confiscation of his property violated his Fourth Amendment right to privacy. The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 525-26 (1984) (court rejects prisoner's challenge to a search of his cell by prison guards that resulted in destruction of personal property). The Court found that "a right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order [in a prison]." Id. at 527-28. For this reason, it was not an abuse of discretion for the District Court to dismiss appellant's Fourth Amendment claim.
 
 Fourteenth Amendment
 
 13
 Appellant next asserts that the loss of his personal property was a violation of due process. The Supreme Court has held that where adequate remedies are provided by state law, a loss of personal property does not state a claim cognizable under the Due Process Clause. Parratt v. Taylor, 451 U.S. 527 (1981). This court has found that Tennessee's statutory remedy for such losses is adequate within the meaning of Parratt. Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir.1985) (Tennessee's statutory remedy for negligent or intentional conversion of a prisoner's property found to be adequate; case under section 1983 dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d)). For this reason, it was not an abuse of discretion for the District Court to dismiss appellant's Fourteenth Amendment claim.
 
 First Amendment
 
 14
 Finally, appellant asserts that the taking of his legal papers violated his First Amendment right to access to the courts.
 
 
 15
 At the time his papers were taken, appellant had several cases pending in the Middle District of Tennessee. In his complaint and objections, appellant specified that the papers taken from him pertained to Case No. 3-90-0340. In that case, appellant was represented by counsel. In his pro se appellate brief, appellant specified that papers taken from him also pertained to Case No. 3-92-0759 and Case No. 1-93-0075. In those cases, appellant alleges he was proceeding without counsel.
 
 
 16
 In his Report and Recommendation, the Magistrate Judge relied upon Bellamy v. Bradley, 729 F.2d 416 (6th Cir.1984), cert. denied, 469 U.S. 845 (1984), in which this court held that where a prisoner was represented by counsel, his Sixth Amendment right to counsel was not violated by denial of permission to meet in his cell with "jailhouse" lawyers. From Bellamy, the Magistrate Judge concluded that "[i]n such instances where an inmate has counsel, his First Amendment right of access to the courts has been satisfied ... [T]he deprivation of (appellant's) copies of pleadings will not prejudice his court action." The District Court followed the Magistrate's reasoning on this issue.
 
 
 17
 Authority exists in other circuits for the proposition that confiscation of a prisoner's legal papers may constitute unlawful interference with his right of access to the courts regardless of whether he is represented by counsel. See Simmons v. Dickhaut, 804 F.2d 182, 183 (1st Cir.1986) (citations omitted). Without expressing an opinion as to the applicability of those cases, we find appellant's case fails for an additional reason.
 
 
 18
 A litigant seeking to prove denial of access to the courts must show prejudice to pending litigation. A court will not presume prejudice. Berryman v. Overton, No. 93-1510, 1994 WL 69579 (6th Cir. March 7, 1994). See also Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). In Berryman, a pro se prisoner plaintiff claimed that his right of access to the courts had been violated by prison officials' confiscation of his legal material. The court found that "Berryman failed to allege with any specificity how he was adversely affected or how the litigation was prejudiced by the confiscation." Id. at The court therefore held that the District Court did not err in granting summary judgment to defendant.
 
 
 19
 In this case, appellant has failed to demonstrate how the confiscation of his legal papers has prejudiced him, if at all, in his prosecution of pending litigation. His complaint, amended complaint and objections to the Report and Recommendation include only conclusory statements of harm. Such conclusory allegations are insufficient to state a claim under 42 U.S.C. Sec. 1983. Chapman v. City of Detroit, 808 F.2d 459 (6th Cir.1986); Smith v. Rose, 760 F.2d 102 (6th Cir.1985). For these reasons, it was not an abuse of discretion for the District Court to dismiss appellant's First Amendment claim.
 
 III.
 
 20
 For the reasons stated, the District Court's dismissal of appellant's claims under 28 U.S.C. Sec. 1915(d) is AFFIRMED.
 
 
 
 [1]
 The Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation