107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clairen M. PAINE, Plaintiff-Appellant,
v.
UNITED STATES of America; Larry F. Taylor, Warden,
FPC-Boron, Terry Enis, Management Coordinator of the Boron
Facility and Neil er Erickson, Health Services Administrator
of FPC-Boron, Defendants-Appellees.
 No. 96-55249.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 06, 1997.
 
 Before: CANBY, HAWKINS and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clairen M. Paine, a former prisoner at the Federal Prison Camp, Boron, California, ("FPC") brought this action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). He alleged that Warden Larry F. Taylor, Management Coordinator Terry Ennis, and Inmate Systems Manager Terry Gosnell had violated his Eight Amendment rights by providing him with inadequate medical care and had deprived him of access to the courts. The district court granted the defendants' motion for summary judgment. Paine timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review de novo the grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1994). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party opposing a properly supported summary judgment motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial. Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250 (1986).
 
 II
 A. Eighth Amendment
 
 4
 Paine contends that Taylor and Ennis violated his Eighth Amendment rights by denying his administrative request for a hearing aid and, after the Bureau of Prisons' regional office granted the request, delaying his receipt of the hearing aid.
 
 
 5
 To establish an Eighth Amendment violation, Paine must show that the deprivation suffered was "objectively, sufficiently serious," and that the prison officials acted with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). The latter showing requires the prisoner to prove both that the official was aware of facts from which he could have inferred that a substantial risk of serious harm existed and that the official in fact drew the inference. Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir.1995) (citing Farmer, 511 U.S. at 837).
 
 1. Taylor
 
 6
 In support of his motion for summary judgment, Taylor submitted a declaration stating that he was not personally involved in denying Paine's request and was, in fact, away from the institution when the request was denied. He further stated that he was neither aware of, nor involved in, any delay in Paine's receipt of the hearing aid and ordinarily would not be consulted about procurement of medical devices.
 
 
 7
 Paine produced no evidence to contradict Taylor's declaration, relying instead on conclusory allegations that Taylor is responsible. Because Paine has not established a triable issue of material fact as to Taylor's deliberate indifference, see Farmer, 511 U.S. at 837, the court properly granted summary judgment on this claim.
 
 2. Ennis
 
 8
 Ennis, as acting warden in Taylor's absence, signed the response to Paine's administrative complaint prepared by the Health Services Department. His declaration states that he did not exercise any independent judgment as to the medical decision contained in the response, but merely reviewed it to determine whether it was responsive to the complaint. Such reliance precludes a finding of deliberate indifference. Because Paine produced no evidence to contradict Ennis's declaration, summary judgment was appropriate.
 
 B. Access
 
 9
 Paine contends that Taylor and Gosnell violated his right of access to the courts by refusing to allow him to keep his legal materials with him when he was transferred to the Metropolitan Detention Center in Los Angeles ("MDC") for a parole hearing. He argues that he needed these materials to represent himself at the hearing, but that he did not receive them until his return to FPC.
 
 
 10
 Inmates enjoy a constitutional right of access to the courts. Lewis v. Casey, 116 S.Ct. 2174 (1996); Bounds v. Smith, 430 U.S. 817 (1977). To establish a deprivation of the right, inmates must demonstrate, among other things, that prison officials intentionally, or with deliberate indifference, interfered with the inmate's access. See e.g. Crawford-El v. Britton, 951 F.2d 1314, 1318 (D.C.Cir.1991); Simmons v. Dickhaut, 804 F.2d 182, 184 (1st Cir.1986); Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir.1986).
 
 1. Taylor
 
 11
 Taylor's declaration states that he was not involved in the alleged denial of Paine's legal materials. Paine has offered no contrary evidence. Summary judgment was appropriate.
 
 2. Gosnell
 
 12
 Citing prison regulations that prohibit prison inmates from carrying personal property during transport, Gosnell denied Paine's request to retain his legal materials while travelling to Los Angeles. Gosnell submitted the FPC mailing log which indicates that the materials were mailed to MDC. The log bears the signature of the postal employee and a postmark indicating the parcels were sent on the same day Paine was transported. In response to Paine's inquiry from MDC, Gosnell directed his staff to contact the MDC staff and inquire about the materials. MDC responded that they had located the materials and would deliver them to Paine.
 
 
 13
 Although Paine contends that he did not receive the materials while at MDC, he has produced no evidence that Gosnell acted with the requisite intent or deliberate indifference. Summary judgment was appropriate.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3