Luciano **HERNANDEZ CARRASQUILLO, et al.** Plaintiffs

v.

Jose A. **RIVERA RODRIGUEZ, et al.** Defendants

No. CIV. 02–1797(SEC).

United States District Court, D. Puerto Rico.

Sept. 2, 2003.

Eliezer Aldarondo–Ortiz, Ivan M. Castro–Ortíz and Pablo Landrau–Pirazzi, Esqs., Aldarondo & López Bras, Urb. Baldrich, San Juan, PR, for Plaintiffs.

Courtney R. Carroll, Esq., Landron & Cera LLP, Grisselle González–Negrón, Esq., Faccio & Pabón Roca, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Before the Court is Defendants' motion to dismiss the complaint (**Docket # 30**).

Plaintiffs have duly opposed said motion (Docket # 31). Having reviewed the parties' arguments, as well as the relevant case law, Defendants' motion will be **DENIED**.

### Factual and Procedural Background

The present case arises from the allegedly discriminatory firing and harassment of Plaintiffs from their transitory and permanent positions with the Municipality of Gurabo (the municipality). Plaintiffs claim that they were fired and harassed by the newly elected mayor and his staff due solely to their political affiliation, in violation of their rights under the First Amendment to the U.S. Constitution, the Constitution of the Commonwealth of Puerto Rico and Article 1802 of the Puerto Rico Civil Code. Federal jurisdiction is premised on the Civil Rights Act, 42 U.S.C. § 1983.

### Failure to State a Claim—Fed. R. Civ. P. 12(b)(6) and Qualified Immunity

Defendants have filed a motion to dismiss arguing that all causes of action should be dismissed. First, they claim that all actions against them in their personal capacity fail to state a claim under the heightened pleading standard for Section 1983 cases set by the First Circuit Court of Appeals in *Judge v. City of Lowell*, 160 F.3d 67 (1st Cir.1998). Plaintiffs, however, argue that the standard set in *Judge* has been abrogated by the recent U.S. Supreme Court decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Even though *Swierkiewicz* was a case dealing specifically with heightened pleading standards in the context of a Title VII claim for employment discrimination and not in a Section 1983 case involving qualified immunity, Plaintiffs aver that its holding is extensive to the present case. Even though the Court of Appeals for the First Circuit has indeed acknowledged and ap-

plied the holding in *Swierkiewicz* in the context of an employment discrimination action brought under Title VII, the specific question of the effect of *Swierkiewicz* on Section 1983 cases involving a qualified immunity defense has yet to be addressed by the First Circuit Court. *Gorski v. New Hampshire Department of Corrections*, 290 F.3d 466 (1st Cir.2002). However, this Court has held, at least once, that, absent specific guidance from the First Circuit on this issue, it is reluctant to conclude that *Swierkiewicz* abrogated the holding in *Judge* with respect to Section 1983 cases. *Data Research Corp. v. Rey Hernandez*, 261 F.Supp.2d 61 (D.P.R.2003). On the other hand, two of our sister District Courts from the First Circuit have already interpreted *Swierkiewicz* in a very broad manner, and have rejected a heightened pleading standard in cases involving claims under the Americans with Disabilities Act and the Federal Tort Claims Act. *See Greenier v. Pace, Local No. 1188*, 201 F.Supp.2d 172 (D.Me.2002) and *Limone v. U.S.*, 271 F.Supp.2d 345 (D.Mass.2003). Nevertheless, we need not resolve this issue in the present case, because we understand that Plaintiffs' complaint complies with even the heightened pleading standard set out in *Judge*. Let us briefly summarize said standard of review.

*Standard of Review—Motion to dismiss, Section 1983 and Qualified Immunity*

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998) (citations omitted). "[A]

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *quoted in Davis v. Monroe County Bd. of Education,* 526 U.S. 629, 119 S.Ct. 1661, 1676, 143 L.Ed.2d 839 (1999). *See also Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory").

But "[a]lthough this standard is diaphanous, it is not a virtual mirage." *Berner v. Delahanty,* 129 F.3d 20, 25 (1st Cir.1997) *citing Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.* In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle,* 142 F.3d at 508 (quoting *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996)). *See also Rogan v. Menino,* 175 F.3d 75, 77 (1st Cir.1999). Courts "will not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1st Cir.1993).

■ Moreover, when considering a motion to dismiss a claim brought under Section 1983 of the Civil Rights Act, a slightly different standard should be applied. The First Circuit Court of Appeals has held that only acts committed by state officers that reflect a reckless and/or callous indifference towards a person's rights are considered as violating constitutional rights. *See Landol Rivera v. Cruz Cosme,* 906 F.2d 791, 796 (1st Cir.1990); *Germany v. Vance,* 868 F.2d 9, 18 (1st Cir.1989). Similarly, the Supreme Court has held that "deliberate indifference" means more than ordinary and gross negligence. *See City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). In *DesRosiers v. Moran,* 949 F.2d 15, 19 (1st Cir.1991), the First Circuit held that the deliberate indifference element requires that the plaintiffs prove "that the defendants had a culpable state of mind and intended wantonly to inflict pain . . . ." *See DesRosiers,* 949 F.2d at 19.

Due to the proliferation of Section 1983 claims, stricter pleading requirements have been imposed in order to properly plead this element of illegal intent. The heightened pleading standard in civil rights cases requires specific factual allegations supporting the claims of wrongful motive in the deprivation of a plaintiff's federally-protected rights. The heightened pleading standard rejects vague and conclusory allegations regarding the critical element of illegal motive. *See Judge v. City of Lowell,* 160 F.3d 67, 72–74 (1st Cir.1998); *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir.1982); *Boykins v. Ambridge Area School District,* 621 F.2d 75, 80 (3d Cir.1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978).

■ Furthermore, Defendants also assert their entitlement to qualified immunity. Qualified immunity constitutes a right not to stand trial or face the burdens of litigation. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The procedures regarding quali-

fied immunity allow for judicial review, *via certiorari*, on the qualified immunity issue. *Id.* at 207, 121 S.Ct. 2151. Thus, in order to avoid subjecting state officials to unnecessary and burdensome discovery or trial proceedings, district courts and courts of appeal should rule on the qualified immunity issue from the beginning, focusing on the characterization of the constitutional right in controversy and deciding, whether from the facts alleged in the complaint, a constitutional violation could be found. *See Id.* at 201, 121 S.Ct. 2151; *Judge*, 160 F.3d at 73.

> A defendant can establish a qualified immunity defense in one of three ways: First, the defense should be sustained if the court finds that it was not clear at the time of the official acts that the interest asserted by plaintiff was protected by a federal statute or the Constitution. Second, even if the interest asserted by the plaintiff was clearly of a type generally protected by federal law, the defendant is entitled to immunity as a matter of law, if it was not clear at the time of the acts at issue that an exception did not permit those acts. Third, even if the contours of the plaintiffs federal rights and the official's permissible actions were clearly delineated at the time of the acts complained of, the defendant may enjoy qualified immunity if, it was objectively reasonable for him to believe that his acts did not violate those rights.

*Walsh v. Franco*, 849 F.2d 66, 69 (2nd Cir.1988), *citing Robison v. Via*, 821 F.2d 913, 920–21 (2nd Cir.1987). Thus, the qualified immunity inquiry is composed of a three-prong test: 1) does the complaint state a claim for relief of a constitutional right?; 2) if it does, was the constitutional right clearly established at the time of the facts alleged in the complaint?; and 3) was it objectionably reasonable for the officer to believe his actions did not violate the claimant's federally protected right?

*First Amendment Claims*

 Section 1983 in itself does not confer substantive rights, but provides a venue for vindicating federal rights elsewhere conferred. *See Graham v. Connor*, 490 U.S. 386, 393–394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). In order to establish liability under Section 1983, a plaintiff must first show that "the conduct complained of was committed by a person acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds* by *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Gutierrez Rodriguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir.1989); *Saugus v. Voutour*, 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986); *Voutour v. Vitale*, 761 F.2d 812, 819 (1st Cir.1985).

 Second, a plaintiff must show that the defendant's conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *See Parratt*, 451 U.S. at 535, 101 S.Ct. 1908; *Gutierrez–Rodriguez*, 882 F.2d at 559. This second prong has two aspects: 1) there must have been an actual deprivation of the plaintiff's federally protected rights; and 2) there must have been a causal connection between the defendant's conduct and the deprivation of the plaintiff's federal rights. *See Gutierrez Rodriguez*, 882 F.2d at 559; *Voutour*, 761 F.2d at 819. In turn, this second element of causal connection requires that the plaintiff establish: 1) for each defendant, that the defendant's own actions deprived the plaintiff of his/her protected rights, *Monell v. Department of Social Services*, 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gutierrez–Rodriguez*, 882 F.2d at 562; *Figueroa v. Aponte Roque*, 864 F.2d 947, 953 (1st Cir.

1989); and 2) that the defendant's conduct was intentional, *Simmons v. Dickhaut,* 804 F.2d 182, 185 (1st Cir.1986), grossly negligent, or amounted to a reckless or callous indifference to the plaintiff's constitutional rights. *See Gutierrez Rodriguez,* 882 F.2d at 562.

 Political discrimination restrains freedom of belief and association, core activities protected by the First Amendment. *See Elrod v. Burns,* 427 U.S. 347, 354, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). To prevail on a political discrimination claim against Defendants, Plaintiffs must establish that: 1) she engaged in constitutionally protected conduct; and 2) that this conduct was a substantial or motivating factor in an adverse employment decision affecting her. *See Mt. Healthy City School District Board v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Padilla Garcia v. Rodriguez,* 212 F.3d 69, 74 (1st Cir.2000). To meet this burden, Plaintiffs must show that there is a causal connection linking Defendants' conduct to her political beliefs. *See LaRou v. Ridlon,* 98 F.3d 659, 662 (1st Cir.1996).

 Plaintiffs allege in their complaint that they were active participants in political activities of the New Progressive Party (NPP), and that their affiliation to said party was well known by all Defendants. Furthermore, they allege that they were dismissed from their employment and that their contracts were not renewed due to said affiliation. Plaintiffs explained in their complaint that the reason given for their dismissals and non-renewals was the allegedly precarious financial situation which the municipality was going through. The complaint goes further, however, to state that such a reason was only a pretext, and that they were in fact replaced by members of the Popular Democratic Party (PDP), the same party of which the new Mayor and his staff were also members. Plaintiffs aver that they in fact reapplied for their positions and competed for them through convocations, but that they were passed by in favor of PDP-affiliated candidates.

Furthermore, Plaintiffs also include several allegations in their complaint regarding how they were harassed by Defendants. They state that they were divested of their duties, deprived of their office equipment and telephones, and not notified of staff meetings and other official activities, as part of a campaign aimed at discouraging them and making them relinquish their positions.

Considering all of Plaintiffs' allegations as a whole, we find that, if proven, they may in fact be enough to support an inference of intentional discrimination based on their political affiliation. Furthermore, we find that they may be enough to establish the reckless disregard of a clearly established constitutional right necessary to overcome Defendants' qualified immunity. Therefore, making all favorable inferences in favor of Plaintiffs, as we must for purposes of this motion to dismiss, we find that Plaintiffs have stated a cause of action upon which relief can be granted for the deprivation of their rights under the First Amendment and Section 1983, even when applying the heightened pleading standard established in *Judge* and called into question by the Supreme Court's decision in *Swierkiewicz,* and considering Defendants' qualified immunity defense. Hence, we need not consider, for the purposes of this motion, whether *Judge* has in fact been abrogated by *Swierkiewicz.*

**Municipal Liability Under Section 1983**

 Next, Defendants argue that the complaint against them in their official capacity and/or against the municipality

should be dismissed because a municipality may not be held vicariously liable under Section 1983 for the torts of an employee on the basis of its employer-employee relationship with the tortfeasor. In other words, "a municipality cannot be held liable under Section 1983 on a *respondeat superior* theory." *Monell v. Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Admittedly, not every decision by municipal officers automatically subjects the municipality to Section 1983 liability. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. *See, e.g., Oklahoma City v. Tuttle,* 471 U.S. 808, 822–824, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Municipal liability attaches, however, where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. Under Puerto Rico law, the actions of a mayor "constitute [ ] the official policy of the municipality." *Cordero v. De Jesus Mendez,* 867 F.2d 1, 7 (1st Cir.1989). Therefore, a Puerto Rico municipality "is liable as a matter of law for an unconstitutional discharge of its municipal employees by the Mayor." *Id.* Accordingly, Plaintiffs did not have to allege specifically, as Defendants argue, that any policy or custom attributable to the municipality, or any of the appearing Defendants, was the moving force behind their injuries, since the municipality's liability arises directly from the official policy actions of its mayor. Therefore, Defendants' argument fails.

### Supplemental Jurisdiction Claims

Lastly, since the federal claims against Defendants survive the motion to dismiss, the Court will choose to exercise its discretionary supplemental jurisdiction over all Commonwealth claims, in the interests of judicial economy and efficiency.

### Conclusion

For all the reasons discussed above, Defendants' motion is **DENIED.**

**SO ORDERED.**