**Joseph F. CONSOLO, Plaintiff–Appellee,**

v.

**Daniel F. GEORGE, et al.,
Defendants–Appellants.**

No. 94–1202.

United States Court of Appeals,
First Circuit.

Argued Sept. 8, 1994.

Decided July 5, 1995.

Donald V. Rider, Jr., Asst. City Sol., with whom David M. Moore, City Sol., and Diana H. Horan, Asst. City Sol., Worcester, MA, were on brief, for appellants.

Thomas C. Cameron, with whom Dennis J. Curran, and Curran & Cameron, Boston, MA, were on brief, for appellee.

Before BOUDIN, Circuit Judge, ALDRICH, Senior Circuit Judge, and YOUNG,* District Judge.

YOUNG, District Judge.

Worcester Police officers Daniel George ("Officer George") and Michael Mulvey ("Officer Mulvey") here appeal a jury verdict against them awarding $90,000 to Joseph F. Consolo ("Consolo") on the ground that the two officers violated Consolo's civil rights through deliberate indifference to his medical needs after taking him into custody. In view of the jury's verdict, we state the facts of record in the light most favorable to Consolo. *See Aetna Casualty Surety Co. v. P & B Autobody,* 43 F.3d 1546, 1552 (1st Cir.1994).

On April 9, 1990, Consolo was driving in his pickup truck—admittedly intoxicated—when one of his tires went flat. Consolo kept going and, when spotted by Officer George, was driving on the rim which was emitting sparks. Officer George stopped Consolo but, when questioned, Consolo swore at him and drove off, attempting to escape. Officer George then called for back-up and five officers, in separate vehicles, responded, chasing Consolo for approximately 1.3 miles. Finally, his escape blocked by a police cruiser across the road, Consolo stopped.

At this point, the testimony diverges sharply. Consolo claims he was dragged from his pickup truck and stomped, kicked, and beaten while he lay helpless on the ground in unbearable pain from three separate fractures to his pelvis occasioned, he says, from his beating. The police witnesses took a different tack, testifying that Consolo had leapt from his pickup truck as soon as it came to a halt and that Officer George used only such force as was necessary to subdue and handcuff Consolo at which point Officer Mulvey and other police officers arrived. Consolo was then taken to police headquarters, booked, and ultimately brought to the hospital to receive medical treatment for what, it is undisputed, was a fractured pelvis. In closing, defense counsel argued that the medical evidence of the fracture was explained by Consolo's frantic leap from his pickup truck in an attempt to escape.

After the district court and counsel had partially winnowed Consolo's federal and state claims against the two officers and the City of Worcester ("City"), the case was submitted to the jury on special interrogatories. The jury ultimately found for the defendants on each of the questions submitted, save only that it found that both Officers George and Mulvey had "exhibit[ed] deliberate indifference to Joseph Consolo's medical needs after

* Of the District of Massachusetts, sitting by designation.

his arrest" and assessed $90,000 damages for such failure.

Officers George and Mulvey raise four issues on appeal. We deal with each in turn.

### 1. *The Jury Instructions*

Balked of complete vindication on but a single count, Officers George and Mulvey scrutinize the trial record with care, now focusing on the district court's explanation of the concept of "deliberate indifference" in the jury instructions.

The district judge instructed the jury as follows:

Now, the term "deliberate indifference." Plaintiff also claims that he was denied adequate medical care after his arrest. Deliberate indifference to serious medical needs of prisoners violates the constitutional right of due process of law. Deliberate indifference is more than a showing of negligence. Rather, it has been described as gross negligence or reckless disregard. The idea of deliberate indifference might be expressed in two ways. One is to disregard intentionally and deliberately the duty to act in a certain way, and the other is to be intentionally and deliberately indifferent to whether or not there is a duty and to whether or not some action is needed to perform that duty.

Thus, if you find that the defendants were aware that plaintiff was seriously in need of medical attention and failed to provide access to medical personnel or intentionally delayed such access, or if you find that defendants intentionally failed to cooperate with medical personnel who did see the plaintiff, then you should find that the defendants are liable for a violation of plaintiff's constitutional rights in that regard. Although mere negligent or inadvertent inattention to plaintiff's medical needs does not amount to a violation of his constitutional rights, if you find that the

defendants deliberately assumed a posture of indifference to his medical needs, you must find them liable for a violation of his constitutional rights.

(Tr. 8–127, 128) (emphasis added).

 No one objected to these instructions at trial. *See* Fed.R.Civ.P. 51 (requiring a party who believes jury instruction to be erroneous to object before the jury retires to consider the verdict). Generally, an objection to jury instructions not made at trial as required by Rule 51 cannot be raised successfully on appeal. *Scarfo v. Cabletron Sys. Inc.*, 54 F.3d 931, 940–41 (1st Cir.1995) (describing this Rule as the "use it or lose it" principle). Accordingly, we may disturb the jury's verdict here only if the challenged instruction constituted plain error. *See Transnational Corp. v. Rodio & Ursillo, Ltd.*, 920 F.2d 1066, 1069 (1st Cir.1990). Plain error is a very high standard, and will be found only when the court's erroneous instructions "result[ ] in a 'clear miscarriage of justice' or 'seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (citations omitted).

 Officers George and Mulvey nevertheless claim that the jury instructions were fatally flawed. They point to the First Circuit's opinion in *Manarite v. City of Springfield*, in which this Court defined "deliberate indifference" as "more than ordinary negligence, and probably more than gross negligence." 957 F.2d 953, 956 (1st Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 113, 121 L.Ed.2d 70 (1992).[1] The officers argue that by equating the concept of "deliberate indifference" with "gross negligence," the district judge so diluted the standard of proof as to constitute plain error. We disagree.

In *Manarite*, a jail suicide case, this Court explained that

when liability for serious harm … is at issue, a plaintiff must demonstrate "deliberate indifference" by showing (1) an un-

---

1. Officers Mulvey and George argue that the decision of the Supreme Court in *Farmer v. Brennan*, —— U.S. ——, —— – ——, 114 S.Ct. 1970, 1970–81, 128 L.Ed.2d 811 (1994), decided after the trial at issue here, bolsters their position. In *Farmer*, the Supreme Court adopted a subjective test for evaluating deliberate indifference in the

Eighth Amendment context. The present case arises in the context of the due process clause under the Fourteenth Amendment. In view of the "plain error" analysis in the text, we decline to engage in an analysis of *Farmer* in these premises.

usually serious risk of harm ... (2) defendant's actual knowledge of (or, at least, willful blindness to) that elevated risk, and (3) defendant's failure to take obvious steps to address that known, serious risk. The risk, the knowledge, and the failure to do the obvious, taken together must show that the defendant is "deliberately indifferent" to the harm that follows.

957 F.2d at 956.

The trial court's single reference to the concept of gross negligence here, however, did not seriously affect the integrity of this proceeding. Though mentioning the concept "gross negligence" together with recklessness in its general definition, the court went on at once to instruct the jury that to find deliberate indifference it had to find that the police officers were aware "that plaintiff was seriously in need of medical attention" and, further, that the police officers "deliberately assumed a posture of indifference to [Consolo's] medical needs," or "intentionally failed to cooperate with medical personnel." (Tr. 8–128) Taken in context, and considered in light of the entire charge, these instructions adequately conveyed to the jury the analytic elements that are the necessary predicate to concluding that either Officer George or Officer Mulvey had acted with such recklessness as to constitute deliberate indifference. While we disapprove of the reference to "gross negligence" in this context, there is here no plain error given the careful and detailed particularity of the jury instructions in their entirety.

## 2. *Motion for Judgment Notwithstanding the Verdict*

"The district court may grant a motion for judgment notwithstanding the verdict only after a determination that the evidence could lead a reasonable person to only one conclusion, namely, that the moving party was entitled to judgment." *Hendricks & Assocs. v. Daewoo Corp.,* 923 F.2d 209, 214 (1st Cir. 1991) (citations and internal quotations omitted). "Appellate review of a denial of judg-

ment n.o.v. is governed by the same stringent rules as those that apply to the district court." *Nydam v. Lennerton,* 948 F.2d 808, 810 (1st Cir.1991).

Officers George and Mulvey advance two arguments in their attempt to demonstrate that the district court was required to grant their motion for judgment notwithstanding the verdict. First, they argue, no reasonable jury could have concluded from the evidence at trial that the delay in affording Consolo medical care proximately caused his injuries to worsen. George and Mulvey unfortunately focus their argument too narrowly. Here the jury could well have based its decision *not only* upon a finding that the officers' deliberate indifference caused Consolo's medical condition to worsen, but *also* upon a finding that their deliberate indifference left him in pain and suffering for a longer period than would otherwise have been the case had he been afforded prompt medical attention. The booking video, introduced as evidence at trial, shows Consolo in excruciating pain, barely standing even with assistance. In fact, for the first few minutes of the video, Consolo is lying on the floor unable to get up. In light of this evidence, the jury could reasonably conclude that the delay in providing Consolo medical treatment entitled him to damages for pain and suffering.

Second, Officers George and Mulvey argue that as matter of law they were entitled to qualified immunity in the circumstances presented at trial[2] and thus are entitled to judgment n.o.v. "[The] operative inquiry on qualified immunity is not whether the defendants actually abridged the plaintiffs' constitutional rights, but whether the defendants' conduct was objectively reasonable, given the constitutional understandings then current." *Crooker v. Metallo,* 5 F.3d 583, 585 (1st Cir.1993).

Here the constitutional standard is clear. Since at least 1983 there has been no doubt that a pre-trial detainee is entitled to

2. No appeal has been taken from the denial of the pre-trial motion to dismiss on the ground of qualified immunity. This is hardly surprising given the allegations of excessive force by the police. The jury having rejected these allegations as unproven, George and Mulvey now focus on the deliberate indifference claim to which the jury gave credence.

medical attention for serious medical needs under the due process clause of the Constitution. *See City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 2983–84, 77 L.Ed.2d 605 (1983). Applying this legal standard to the record before the district judge, there was ample evidence that, given Consolo's condition at the time he entered the police station, the officers acted unreasonably in not seeking medical treatment for him before bringing him to the booking room. Accordingly, the district court properly denied the claim of qualified immunity and submitted the issue to the jury.

### 3. *Motions for a New Trial*

■ Officers George and Mulvey urge reversal of the decision of the district court to deny their motions for a new trial. "A district court should order a new trial only when convinced that the clear weight of the evidence so requires, or that a miscarriage of justice would otherwise result." *Veranda Beach Club Ltd. v. Western Sur. Co.,* 936 F.2d 1364, 1384 (1st Cir.1991). We will reverse the decision of a district court upon such a motion only where there has been an abuse of discretion. There was no abuse of discretion here. At bottom, the arguments of the police officers on this aspect of the case depend entirely upon their assessment as to the credibility of the evidence. Having already concluded that the evidence was sufficient to warrant the jury's verdict, the jurors' assessment of credibility is conclusive and the decision of the district court to deny the motion for a new trial was well within its discretion.

### 4. *Remittitur*

Finally, Officers George and Mulvey argue that the district court abused its discretion in denying their motion for remittitur. When the jury first returned to the courtroom with its verdict, it found that Officers George and Mulvey were deliberately indifferent to Consolo's medical needs, that the City (but neither Officers George nor Mulvey) was grossly negligent on a pendant state claim, and awarded Consolo $90,000. The district court pointed out to the jury that the finding against the City on the state claim was inconsistent with its findings for Officers George and Mulvey on that point, as the City could there be liable only upon a theory of vicarious liability, and the jury had not found the police officers liable. The jury was instructed to continue its deliberations and, when it returned a verdict the second time, it had eliminated any finding against the City but retained its award to Consolo of $90,000 against Officers George and Mulvey for deliberate indifference.

■ Officers George and Mulvey now claim that the only way justly to construe the jury's verdict is to conclude that, because the City was somehow found a proximate cause of the damage to Consolo in the jury's first return, the award of $90,000 to him cannot stand as this sum remained consistent in both the first and second verdicts. There is nothing to this argument. It reduces to the claim that, because the City was let off, the damages should be reduced. But whatever the basis for liability, here Consolo's damages were the same and each defendant, if liable at all, is liable jointly and severally for full damages. As the verdict was entirely consistent with the evidence, the assessment of damages cannot be disturbed unless the award exceeded "any rational appraisal or estimate of the damages that could be based upon the evidence" or was "grossly excessive," "inordinate," "shocking to the conscious of the court," or "so high that it would be a denial of justice to permit it to stand." *Segal v. Gilbert Color Systems, Inc.,* 746 F.2d 78, 81 (1st Cir.1984), quoting *Grunenthal v. Long Island R.R. Co.,* 393 U.S. 156, 159 n. 4, 89 S.Ct. 331, 333 & n. 4, 21 L.Ed.2d 309 (1968). No remittitur was required here.

The arguments of Officer George and Officer Mulvey having been tried and found wanting, the judgment of the district court is *affirmed.*