David McNALLY, Plaintiff,

v.

**PRISON HEALTH SERVICES,**
Defendant.

No. Civ. 98–290–P–C.

United States District Court,
D. Maine.

June 2, 1999.

Stuart W. Tisdale Jr., Mary A. Davis, Tisdale & Davis, Portland, ME, for plaintiff.

James E. Fortin, Douglas, Denham, Rogers & Hood, Portland, ME, for defendant.

**ORDER**

GENE CARTER, District Judge.

In this civil rights case, Plaintiff, David McNally, alleges that when Defendant, Prison Health Services, allegedly refused to administer his HIV medication, Defendant exhibited deliberate indifference to Plaintiff's serious medical needs, depriving

him of his constitutional rights in violation of 42 U.S.C. § 1983 and discriminating against him on the basis of his HIV status in violation of the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq* ("the ADA"). In its Memorandum of Decision and Order of April 27, 1999, this Court concluded that a genuine dispute of material fact exists as to whether Defendant had violated Plaintiff's constitutional rights and the ADA and, accordingly, denied Defendant's motion for summary judgment (Docket No. 20). Presently before the Court is Defendant's unopposed motion for reconsideration of the Court's decision to grant summary judgment (Docket No. 22).

In its motion for reconsideration, Defendant asks the Court to reconsider its conclusion made at summary judgment that the evidence is not sufficient to prove that Plaintiff suffered physical harm as the result of not receiving HIV medication for a period of three days while in custody. Here, the Court concludes, on reconsideration, that sufficient evidence exists in the record submitted for purposes of summary judgment from which a jury could find that Plaintiff did suffer injury as a result of

Defendant's deliberate indifference to his medical needs.[1] It is true, as Defendant points out, that Owen Pickus, D.O., Plaintiff's expert witness, is unable to say that "more probably than not" the symptoms suffered by Plaintiff while in jail were related to the interruption in medication. However, the evidence shows that Plaintiff suffered from fever, chills, and flu-like symptoms that possibly were caused by the fact that Plaintiff was refused his HIV medication. Plaintiff's Statement of Material Facts ¶¶ 9, 12, 13, 14; Pickus Deposition at 112, 119–20. Dr. Pickus also testifies in his deposition that the interruption in Plaintiff's medication possibly caused some mutational changes that, in cumulation with additional mutational changes caused by missed doses of medication, could lead to drug resistance in the future. Pickus Deposition at 114–16. The role of the trial judge at the summary judgment stage "is not ... to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505,

---

1. The Court questions Defendant's contention that Plaintiff must show physical harm to state a section 1983 claim. Neither the Supreme Court nor the Court of Appeals for the First Circuit lists "physical harm or suffering" as an element of a § 1983 claim for deliberate indifference to a prisoner's medical needs. *See W.J. Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Mahan v. Plymouth County House of Corrections*, 64 F.3d 14 (1st Cir.1995); *Consolo v. George*, 58 F.3d 791 (1st Cir.1995); *Gaudreault v. Municipality of Salem, Massachusetts*, 923 F.2d 203 (1st Cir.1990); *Miranda v. Munoz*, 770 F.2d 255 (1st Cir.1985); *Ferranti v. Moran*, 618 F.2d 888 (1st Cir.1980); *Layne v. Vinzant*, 657 F.2d 468 (1st Cir.1981). Indeed, in the Supreme Court case that established deliberate indifference to serious medical needs in the prison context as a constitutional violation, the Court stated:

These elementary principles establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those

needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death, the evils of most immediate concern to the drafters of the Amendment. In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common law view that "(i)t is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself."

*W.J. Estelle*, 429 U.S. at 103–4, 97 S.Ct. at 290–91 (citation omitted). The foregoing statement suggests that the underlying rationale for § 1983 liability for the deliberate indifference to prisoners' medical needs is two-fold: the purpose is to redress the harm caused by the violation of prisoners' rights and to punish those who intend to inflict unnecessary suffering. It follows that liability may exist when deliberate indifference is shown where the harm actually caused to the prisoner is minimal.

2511, 91 L.Ed.2d 202 (1986). Although Plaintiff's evidence of injury may be weak, a jury could infer that Plaintiff's health was worsened by Defendant's refusal to administer his medication and that he suffered a physical injury as a result of missing his medication in jail. In light of this evidence, a jury could reasonably conclude that the refusal to give Plaintiff his HIV medication entitled him to damages for pain and suffering. Accordingly, the Court rejects Defendant's arguments and hereby **ORDERS** that Defendant's motion for reconsideration (Docket No. 2) be, and it hereby is, **DENIED.**