Wanda GONZALEZ–MERCADO,
et al., Plaintiffs,

v.

MUNICIPALITY OF GUAYNABO,
et al., Defendants.

Civil No. 99–1639(JAG).

United States District Court,
D. Puerto Rico.

May 22, 2002.

Adrian Mercado, Francisco J. Amundaray–Rodriguez, Mercado & Soto, San Juan, PR, for Plaintiffs.

Eliezer Aldarondo–Ortiz, Pablo Landrau–Pirazzi, Aldarondo & Lopez Bras, Hato Rey, PR, Maria L. Cortes–Cortes, Dept. of Justice of PR, Fed. Litigation Div., San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Plaintiff Wanda Gonzalez–Mercado ("Gonzalez") brought suit pursuant to 42 U.S.C. § 1983 (for violation of her First Amendment right to freedom of expression, her Fourth Amendment right to be free from unlawful seizure of her person, her Fifth and Fourteenth amendment rights to due process of law, including the right to be free from excessive force in her arrest and detention, and her Eighth Amendment right to be free from cruel and unusual punishment), and 42 U.S.C.

§ 1988. The named defendants are: Hector O'Neill, Mayor of the Municipality of Guaynabo ("Mayor O'Neill"), the Municipality of Guaynabo ("Municipality"), Wilfredo Castillo–Alicea, Commissioner of Police of the Municipality of Guaynabo ("Commissioner Castillo"), Hector Brunet– Amador ("Brunet"), and Gualbert Gonzalez ("Gualbert"), police officers of the Municipality. Defendants moved for dismissal of the Amended Complaint pursuant to Fed. R.Civ.P. Rule 12(b)(6) alleging that Gonzalez failed to state a claim upon which relief can be granted (Docket No. 12, 20, 29). For the reasons discussed below, co-defendants' motion is **DENIED.**

### PLAINTIFF'S ALLEGATIONS[1]

On March 24, 1998, at approximately 12:15 p.m., Gonzalez was driving in her automobile. She encountered a traffic jam, where co-defendants Gualbert and Brunet were directing traffic. Gualbert made signals to the driver of a vehicle located in front of Gonzalez's car ordering him to move. Gonzalez pressed her horn inasmuch as the driver of the mentioned vehicle did not respond to Gualbert's command. Suddenly, an unidentified individual approached Gonzalez's vehicle shouting offensive language and began to hit the door and window of Gonzalez's vehicle, breaking the rearview mirror on the driver's side.

As a result, Gonzalez requested the assistance of Gualbert, but Gualbert responded that he was outside of his jurisdiction. Gonzalez continued her plea for assistance and Gualbert ordered her to move on. Then Gualbert introduced his hands through Gonzalez's window and assaulted her.

Gonzalez quickly drove off deeply fearing for her life and physical integrity. Im-

---

1. The facts are taken from the Amended Com plaint.

mediately, Gualbert and Brunet pursued detained, arrested and handcuffed Gonzalez. After her arrest, Brunet subdued her, absent any conduct from Gonzalez that could provoke such assault. All these events occurred in the presence and with the acquiescence of other police officers of the Municipality.

Gualbert, Brunet, and the other officers took Gonzalez to the Municipality's Police Station, where Gualbert continued to harass, intimidate and insult Gonzalez. Gonzalez's underwear and shoes were removed and she was incarcerated for more than 7 hours. Around 6:00 p.m. co-defendants Gualbert and Brunet called State Police Officer, Luis Ramos Candelario, who after hearing Gualbert's and Brunet's allegations, proceeded to file an indictment with three (3) counts of attempted murder against Gonzalez. At 10:00 p.m., Gonzalez was brought before a magistrate. On March 25, 1998, Gonzalez was released after posting bail. On March 3, 1999, the indictment pending against Gonzalez was dismissed by a judgment of the Honorable Carmen Dolores Ruiz Lopez, Superior Judge of the Puerto Rico Court of First Instance, San Juan Part.

## DISCUSSION

A. *Motion to Dismiss Standard.*

 Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts in support of her claim which would entitle her to relief. *See Brown v. Hot, Sexy and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsup-

portable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiff is responsible for putting her best foot forward in an effort to present a legal theory that will support her claim. *Id.,* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

B. *42 U.S.C. § 1983 claims against defendants.*

1. Excessive Force.

 Gonzalez claims that Brunet and Gualbert's actions in the course of her arrest and detention amounted to excessive force in violation of her Fourth Amendment right to be free from unreasonable seizure and her Eighth Amendment right to be free from cruel and unusual punishment. (Amended Complaint at 9). The Eighth Amendment to the Constitution prohibits states from inflicting "cruel and unusual punishment" on the prisoners it confines. *Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271(1991). The State, however, does not acquire the power to punish with which the Eighth Amendment is concerned until after a formal adjudication of guilt in accordance with due process of law is made. Thus, excessive force claims arising out of arrests are analyzed under the Fourth Amendment's protection against unreasonable seizures. *See Graham v. Connor,* 490 U.S. 386, 394–395, 109 S.Ct.

1865, 104 L.Ed.2d 443 (1989). Accordingly, Gonzalez's claims of excessive force under the Eighth Amendment must be dismissed. Furthermore, the Court holds that Gonzalez, in alleging an unprovoked use of force during her arrest and detention, has validly stated an excessive force claim under the Fourth Amendment, applicable to Puerto Rico through the due process clause of the Fifth and Fourteenth Amendments.

2. Failure to Provide Medical Assistance.

■■■ Gonzalez claims the defendants were deliberately indifferent to her medical needs while in custody, in violation of the Eighth Amendment. (Amended Complaint at 9). Eighth Amendment claims by pretrial detainees alleging denials of medical assistance essentially turn on whether the challenged official action constituted "deliberate indifference" to a "serious medical need". *Consolo v. George,* 58 F.3d 791, 793–94 (1st Cir.1995); *Bowen v. City of Manchester,* 966 F.2d 13, 17 n. 13 (1st Cir.1992). A "serious medical need" is one "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). Gonzalez asserts that she requested medical assistance during her detention due to the injuries inflicted by Brunet and Gualbert. Defendants initially denied the request, but eventually authorized two paramedics to examine her. The examination revealed an accelerated pulse rate, high blood pressure, and high sugar levels. (Amended Complaint at 7). Neither of these pleadings, however, provide any information at all about the seriousness of Gonzalez's alleged medical condition. Accordingly, Gonzalez's allegations are insufficient to establish a violation of her Eighth

Amendment right to be free from cruel and unusual punishment.

3. Malicious Prosecution.

■■■ We review the Amended Complaint to determine whether Gonzalez has made out a § 1983 constitutional claim of malicious prosecution. *Morales v. Ramirez,* 906 F.2d 784, 787 (1st Cir.1990). It is well established that a malicious prosecution brought against an individual does not necessarily truncate that person's constitutional rights. *Morales,* 906 F.2d at 787; *Torres,* 893 F.2d at 409; cf. *Baker v. McCollan,* 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released."). To assert a malicious prosecution constitutional claim Gonzalez has the burden of alleging "that the [defendants'] malicious conduct was so egregious that it violated substantive or procedural due process rights...." *Torres,* 893 F.2d at 409. "It follows that to invoke the Due Process Clause, the complainant[s] must do more than prove in common-law terms that [they] [were] harassed and prosecuted in bad faith and without probable cause by government officials acting under color of their authority. The 'more' comprises an ability to show that defendants' conduct was 'so egregious as to subject the individual to a deprivation of constitutional dimension.' *Torres,* 893 F.2d at 409; accord *Coogan v. City of Wixom,* 820 F.2d 170, 175 (6th Cir.1987). In other words, the challenged behavior, before becoming constitutionally actionable, must, substantively, 'shock the conscience,' *Barnier v. Szentmiklosi,* 810 F.2d 594, 599 (6th Cir. 1987), or, procedurally, 'deprive plaintiff[s] of liberty by distortion and corruption of

the processes of law,' *Torres*, 893 F.2d at 410." *Morales*, 906 F.2d at 787.

■ Here Gonzalez argues that co-defendants Gualbert and Brunet called State Police Officer, Luis Ramos Candelario, who after hearing Gualbert's and Brunet's allegations, proceeded to file an indictment with three (3) counts of attempted murder against Gonzalez. At 10:00 p.m., Gonzalez was brought before a magistrate. On March 25, 1998, Gonzalez was released after posting bail. On March 3, 1999, the indictment pending against Gonzalez was dismissed by a judgment of the Honorable Carmen Dolores Ruiz Lopez, Superior Judge of the Puerto Rico Court of First Instance, San Juan Part. Gonzalez's allegations are, however, insufficient to justify a due process concern. (Constitutional claim for malicious prosecution was not stated, where the very worst that could be said was that defendants, or some of them, instigated criminal prosecution manipulatively and without probable cause.) *Morales v. Ramirez*, 906 F.2d 784, 790 (1st Cir.1990).

On this record, the proper avenue of relief would be a tort action under Puerto Rican law, see, e.g., P.R. Laws Ann. tit. 31, § 5141; and not a section 1983 claim, inasmuch as the acts and omissions complained of were neither "conscience-shocking" nor "so egregious as to violate due process". *Morales*, 906 F.2d at 790. Accordingly, Gonzalez's constitutional claim of malicious prosecution must be dismissed.

## C. *Supervisory Liability.*

Plaintiffs allege that Velez and Gonzalez are liable for the Alcoholic and Beverages Unit misconduct inasmuch as their policies resulted in the inadequate selection and/or supervision and/or training and/or discipline of the Alcoholic Beverages Unit. (Docket 38 at 8–10). Furthermore, plaintiffs claim that Superintendent Toledo and Captain Rivera are liable as supervisors to the extent that they have encouraged, condoned or been deliberately indifferent to Vice Enforcement Division police officers' behavior. (Docket 38 at 10–12). Plaintiffs allege that Superintendent Toledo and Captain Rivera were aware of previous incidents of police misconduct and that the policies and procedures that Superintendent Toledo and Captain Rivera established failed to adequately train, supervise and discipline the police personnel of the Vice Enforcement Division. (Id.). Plaintiffs further contend that Superintendent Toledo and Captain Rivera's failure to train amount, as a matter of law, to reckless or callous indifference to the federally protected rights of others under the Constitution. (Id.) We disagree.

■ It is axiomatic that section 1983 imposes liability only upon those who actually cause a deprivation of rights. *See Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271(1986); *Camilo-Robles v. Zapata*, 175 F.3d 41 (1st Cir. 1999). Supervisory liability may not be grounded upon a theory of *respondeat superior. See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 692–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Figueroa–Torres v. Toledo–Davila*, 232 F.3d 270, 279 (1st Cir. 2000); *Febus–Rodriguez v. Betancourt–Lebron*, 14 F.3d 87, 91 (1st Cir.1994). Thus, "[g]iven the lack of respondeat superior liability under Section 1983, a supervisor's liability is not for the use of excessive force ... but for distinct acts or omissions that are a proximate cause of the use of that force." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994); *see also Figueroa v. Aponte–Roque*, 864 F.2d 947, 953 (1st Cir. 1989). The Supervisor's conduct or inaction must have been intentional, *Simmons v. Dickhaut*, 804 F.2d 182, 185 (1st Cir. 1986), grossly negligent, or must have "amounted to a reckless or callous indiffer-

ence to the constitutional rights of others." *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 562 (1st Cir.1989); *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 209 (1st Cir.1990). "An official displays such reckless or callous indifference when it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights." *See Febus–Rodriguez v. Betancourt–Lebron,* 14 F.3d 87, 92 (1st Cir.1994). Moreover, "an 'affirmative link' between the street-level misconduct and the action, or inaction, of supervisory officials," must be established. *Gutierrez–Rodriguez,* 882 F.2d at 562 (quoting *Rizzo,* 423 U.S. at 371, 96 S.Ct. 598).

 Gonzalez alleged facts are insufficient to meet the stringent criteria for "failure to train" claims. *Hayden v. Grayson,* 134 F.3d 449, 456 (1st Cir.1998) (citations omitted). It is well established that "an arguable weakness in police training (or supervision does) not amount to a policy of failure to train arising from deliberate indifference to citizen's constitutional rights." *See Burns v. Loranger,* 907 F.2d 233, 239 (1st Cir.1990). Furthermore, Gonzalez's allegations of inadequate training, supervision and discipline of the police force are not linked in any way to Gualbert's and Brunet's misconduct. Gonzalez also fails to furnish legally sufficient facts showing that, at the time of Gonzalez' arrest, there was a widespread violation of civil rights known to Mayor O'Neill and Commissioner Castillo which they failed to address. Moreover, even assuming that a widespread violation of civil rights would have existed, no reasonable inference can be drawn from the Amended Complaint to conclude that Mayor O'Neill and Commissioner Castillo were callously negligent, or that they incurred in willful blindness, or that they had constructive knowledge of these situations, such that their negligence

can be affirmatively linked to Gualbert's and Brunet's misconduct. Accordingly, Plaintiffs' allegations do not give rise to a section 1983 cause of action against co-defendants Velez, Gonzalez, Superintendent Toledo and Captain Rivera. Accordingly, the Complaint against co-defendants Velez, Gonzalez, Superintendent Toledo and Captain Rivera is dismissed.

## CONCLUSION

In light of the foregoing, the Court grants in part defendants' motion to dismiss (Docket Nos. 12, 20, 29) and dismisses Gonzalez' federal Eighth Amendment and malicious prosecution claims against all defendants as well as all federal claims against co-defendants Mayor O'Neill and Commissioner Castillo with prejudice. The supplemental state claims against co-defendants Mayor O'Neill and Commissioner Castillo are also dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3), inasmuch as no federal claims to ground jurisdiction remain against them.

IT IS SO ORDERED.