Orlando **REYES**, et al., Plaintiffs,

v.

**MUNICIPALITY OF GUAYNABO, et al., Defendants.**

No. Civ. 98–1057(SEC).

United States District Court, D. Puerto Rico.

June 24, 1999.

Miguel Simonet–Sierra, Santurce, PR, for plaintiffs.

Graciela J. Belaval–Bruno, Martinez, Odell & Calabria, Grisselle Gonzalez–Negron, Dept. of Justice of PR, Federal Litigation Div., San Juan, PR, for defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed by defendants, Municipality of Guaynabo, Héctor O'Neill in his official capacity as Mayor of Guaynabo, Carmen Febo Arvelo in her official capacity as Director of the Municipal Collection Office of the Municipality of Guaynabo and Vidal Reyes Rosado in his capacity as Director of the Municipal Collection Office of the Municipality of Guaynabo (hereinafter referred collectively as "defendants"). In such motion, defendants contend that the complaint against them should be dismissed because plaintiff filed his suit beyond the

one-year statute of limitations period prescribed for actions brought pursuant to 42 U.S.C. § 1983. Defendants also contend that the complaint against them should be dismissed because plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1985. Upon careful examination of the relevant facts, the applicable law and the arguments advanced by the parties, the Court finds that the defendants' motion to dismiss (**Docket # 8**) should be **GRANTED** in part and **DENIED** in part.

## Motion to Dismiss Standard

Rule 12(b)(6) motions have no purpose other than to "test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case." 5A Charles A. Wright & Arthur R. Miller, *supra* § 1356, at 294 (2d ed.1990). Only where the complaint fails to comply with the liberal standard provided in Rule 8(a), that is, to provide a "short and plain statement … showing that the pleader is entitled to relief," will it be subject to dismissal under 12(b)(6). Fed.R.Civ.P. 8(a). *See also Federal Practice and Procedure, supra* at 296; *Podell v. Citicorp Diners Club, Inc.,* 859 F.Supp. 701 (S.D.N.Y.1994). It is the moving party which has the burden of proving that no claim exists. *Federal Practice and Procedure, supra* at 115 (1996 supp.). *See also Clapp v. LeBoeuf, Lamb, Leiby & MacRae,* 862 F.Supp. 1050 (S.D.N.Y.1994), *aff'd,* 54 F.3d 765 (3d Cir. 1995). Furthermore, in determining whether to grant a motion to dismiss, courts must construe the complaint "in the light most favorable to plaintiff" and treat his allegations as though they were true. *Federal Practice and Procedure, supra* at 304. See also *Rockwell v. Cape Cod Hosp.,* 26 F.3d 254 (1st. Cir.1994).

## Applicable Law/Analysis

■ Defendants argue that plaintiff's complaint should be dismissed because the cause of action brought by him under 42 U.S.C. § 1983 was time-barred.

■ It is well-settled that local law determines the limitations period for Section 1983 claims. As a general rule, federal courts borrow the states' statute of limitations for personal injury actions and apply that statute to § 1983 claims. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Puerto Rico, the applicable limitations period is one year. See P.R.Laws Ann. tit. 31 § 5298; *Benítez–Pons v. The Commonwealth of Puerto Rico,* 136 F.3d 54 (1st Cir.1998); *Rodríguez–Narváez v. Nazario,* 895 F.2d 38 (1st Cir.1990). In cases brought pursuant to § 1983, the court must consult federal law in order to fix the point in time from which the limitations period begins to accrue. Under the federal rule, accrual commences when plaintiff knows, or has reason to know, of the discriminatory act that supports his cause of action. See *Morris v. Government Development Bank,* 27 F.3d 746 (1st Cir. 1994).

Pursuant to this case law, defendants argue that plaintiff sued beyond the one-year statute of limitations period and thus the complaint should be dismissed because it is time-barred. Plaintiff commenced his action on January 28, 1998. Our duty is to determine whether plaintiff's cause of action accrued more than a year before such date. Defendants contend that the allegedly discriminatory actions commenced soon after May 1995, when plaintiff was given 350 tickets for a political activity, and he refused to sell them. Complaint ¶ 12 and ¶ 17. Since plaintiff filed the complaint almost three years after the above described incident, defendants contend that it is time-barred. They also argue that even if the above mentioned incident is not considered as the starting point to trigger the one-year statute of limitations, then the February 1996 demotion should be considered the starting point, which would also lead to the dismissal of the complaint.

Plaintiff states that in February 1996 defendant Vidal Reyes Rosado demoted

him from his job and informed him that codefendant Reyes Rosado was going to occupy his former position. Complaint ¶ 21. This Court must also consider the allegation that defendants suspended plaintiff for thirty days at a later date. See Complaint ¶ 19 and Motion in Opposition to Motion to Dismiss (**Docket # 17**). Even though plaintiff alleges erroneously in his complaint that this suspension occurred on March 24, 1998—since the complaint was filed on January 28, 1998—we must give all reasonable inferences to the non-moving plaintiff and presume that plaintiff's suspension happened at some point after February 1996.

Plaintiff contends that he was not on sufficient notice of the discriminatory act that triggered his cause of action until the 30–day suspension without pay. Motion in Opposition to Motion to Dismiss, (**Docket # 17**). At this point the Court will assume, for purposes of this motion to dismiss, that such 30–day suspension occurred some time after 1996. Based on the premise that plaintiff's suspension occurred some time after January 28, 1997, plaintiff's cause of action is not time-barred since it is sustained by a pattern of continuous discriminatory conduct that continued after January 28, 1997, within a year of plaintiff's filing of the complaint. Complaint ¶ 23 and ¶ 26. Taking into account plaintiff's allegations, a discriminatory pattern of conduct commenced from 1995, followed by a continued series of acts carried out by defendants, which continued to the present with events as recent as a day before filing the complaint. Complaint ¶ 26.

▇▇▇ There are two kinds of continuous discriminatory violations: serial and systemic violations. A serial violation is composed of a number of discriminatory acts emanating from a same discriminatory animus, each act constituting a separate actionable wrong. There must exist a series of related acts against a single individual based on the same discriminatory animus, and plaintiff bears the burden of demonstrating that at least one discriminatory act occurred within the limitations period. See *Jensen v. Frank*, 912 F.2d 517 (1st Cir.1990) citing *Mack v. Great Atlantic & Pacific Tea Co.*, 871 F.2d 179 (1st Cir.1989); *Muñiz Cabrero v. Ruiz*, 826 F.Supp. 591, *aff'd* by 23 F.3d 607 (1st Cir.1994). A continuing systemic violation has its roots in discriminatory policy or practice; so long as such policy or practice itself continues into the limitations period, the challenger may be deemed to have filed a timely complaint. *Jensen, supra.* In the present case, pursuant to the serial violation theory, plaintiff must show that any or all of defendants' allegedly discriminatory actions on behalf of defendants occurred within the applicable limitations period and that such actions constituted § 1983 violations or, to demonstrate a systemic violation, that any discriminatory policy or practice was in effect within the one-year limitations period. *Muñiz Cabrero, supra.*

As the Court already stated, the limitations period in a § 1983 case ordinarily starts when plaintiff knows, or has reason to know, of the harm on which the action is based. In order to toll such limitations period, plaintiff has to allege sufficient evidence that demonstrates the existence of a continuing violation theory. See *Rivera–Muriente v. Agosto–Alicea*, 959 F.2d 349 (1st Cir.1992). Accepting all of plaintiff's allegations as true, pursuant to the motion to dismiss, plaintiff has pled sufficient facts to properly allege that defendants' actions constituted a continuing violation of his First Amendment rights. Complaint and Motion in Opposition to Motion to Dismiss (**Docket # 17**). Under such theory, the statute of limitations begins anew with each subsequent violation, *Muñiz Cabrero, supra.* Accordingly, plaintiff's complaint was timely filed, since the last allegedly discriminatory act occurred within a year before the filing of this suit.

**Plaintiff's Failure to Allege a Claim Pursuant to 42 U.S.C.1985**

▇▇▇ Defendants also contend in their motion to dismiss that plaintiff's complaint

failed to adequately plead the essential elements necessary to state a cognizable claim pursuant to 42 U.S.C. § 1985(3). We agree.

Section 1985 of the Ku Klux Klan Act of 1871 describes a series of circumstances which give rise to a cause of action, and the common denominator in all of them is the existence of a conspiracy. Subsection 3 creates a cause of action affording a civil remedy against two or more persons who conspire to deprive a person or class of persons of equal protection of laws or equal privileges and immunities.[1] *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Plaintiff alleges that he is part of a protected class and that a conspiracy to invidiously and maliciously discriminate against him was carried out by defendants because of their animus against his political affiliation. Complaint ¶ 30 and ¶ 31.

■ Defendants contend that wholly political conspiracies, untainted by racial animus or bias are outside the protection of § 1985(3). They specifically address that only racial or otherwise class-based invidiously discriminatory animus are behind a conspiracy action and that there is not such protected political class. Motion to Dismiss (**Docket # 8**). To state a cause of action under § 1985(3), there are four basic elements that plaintiff must allege: i) defendants must conspire or there must be a conspiracy under § 1985(3); ii) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; iii) defendants must act in furtherance of the object of the conspiracy, whereby; iv) one was injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the U.S. See *Griffin, supra*

This district court, citing *Griffin, supra,* stated that in order to avoid having § 1985(3) transformed into a "run of the mill" federal tort law, the majority in *Griffin, supra,* developed a fifth element which requires that there must be some racial or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' actions. See *Rodríguez v. Nazario,* 719 F.Supp. 52 (D.P.R.1989) The Supreme Court in *United Brotherhood of Carpenters v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), following *Griffin, supra,* and its interpretation of the limited scope of this conspiracy statute, stated that there must exist an intent to deprive of equal protection or equal privileges and immunities, through a class-based, invidiously discriminatory animus behind the conspirators' action; in other words, the conspiracy must aim to deprive a person of equal enjoyment of rights secured by law. The Court noted that the civil rights conspiracy statute was not intended to reach conspiracies motivated by bias towards others on account of their economic views, status or activities, and cannot be construed to reach conspiracies motivated by economic or commercial animus. The essential purpose of the civil rights statute was to combat the prevalent animus against blacks and their supporters during the period of Reconstruction following the Civil War. *Scott, supra.* Racial means were always at the heart of the statute and the *Griffin* Court wanted to ensure that this compelling but limited purpose was not lost in the expansion of the modern tort litigation.

The main issue before us centers entirely on the fifth element articulated in *Grif-*

---

1. Section 1985(3) of the Civil Rights Act provides:

   If two or more persons ... conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hinder-

   ing the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws ... the party so injured or deprived may have an action for the recovery of damages ... against any one or more of the conspirators.

**310**

*fin, supra,* and followed by *Scott, supra,* to wit: that there be a class-based invidiously discriminatory animus behind the conspirators' actions. Thus, our task, for purposes of this motion to dismiss, is to determine if the class basis allegedly discriminated is one that falls under the protection of § 1985(3). Plaintiff's claim is based on political animus and the main controversy is whether being a member of a political party which supports a specific candidate deserves protection against discrimination pursuant to § 1985(3).

█ Being a member of a political party does not constitute a protected class envisioned by Congress when it created Section 1985(3). See *Rodriguez v. Nazario,* 719 F.Supp. 52; *Morales–Narvaez v. Rossello,* 852 F.Supp. 104, 114 (D.P.R. 1994). Just as it was held by this district court in *Rodriguez,* even if Congress had conceived that political conspiracies untainted by political animus or bias were within the scope of Section 1985(3), plaintiff has failed to show that any such class was affected by defendants' conduct as opposed to him being affected personally or individually. Given the allegations of the complaint, this Court cannot find any facts that plaintiff has stated to generate a claim under Section 1985(3). Accordingly, the Court **grants** defendants' motion to dismiss on the claim pursuant to Section 1985(3) of the Civil Rights Act.

The Court expresses no opinion, however, on whether the remaining claims within this complaint could withstand a properly documented motion for summary judgment, filed pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. Defendants' motion to dismiss (**Docket # 8**) is **DENIED** in part and **GRANTED** in part.

 **SO ORDERED.**